UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. |
| VERSUS | 00-168-JWD-EWD |
| ALBERT LATHERS, JR. | *UNDER SEAL* |

**RULING AND ORDER ON DETENTION PENDING FINAL REVOCATION HEARING**

On February 13, 2021, the United States Probation Office "(USPO)" filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition") as to Albert Lathers, Jr. ("Lathers"), alleging that Lathers violated his supervised release conditions by pleading no contest to two separate instances of driving while intoxicated; failing to be truthful with the probation officer when questioned regarding one of these incidents; and failing to attend substance abuse treatment as required.[1]

A preliminary revocation hearing was held on March 2, 2021. Lathers stipulated to a finding of probable cause as to the violations contained in the Petition. Lathers also stipulated to detention at that time, subject to his right to reopen the issue of detention.[2]

On March 4, 2021, Lathers filed a motion to reopen the detention portion of the hearing, which was granted.[3] The reopened detention hearing was held on March 5, 2021. At that time, Lathers advised that he had been assessed and deemed appropriate for intake for a 28-day inpatient substance abuse treatment program with Capital Area Recovery Program ("CARP"). Lathers was released to the program with the additional order that he appear for his final revocation hearing or appear before the undersigned prior to release from CARP.[4] Neither the probation office nor the government objected.

---

[1] R. Doc. 64.
[2] R. Doc. 76.
[3] R. Docs. 71 & 72.
[4] R. Doc. 78

USM Certified

The detention portion of the hearing was again reopened on March 25, 2021. Evidence was presented and the matter was taken under advisement pending receipt of additional information, including whether Lathers could transition to additional treatment at O'Brien House.

At a telephone conference held on April 1, 2021, the undersigned was advised that Lathers had been accepted into O'Brien House to complete at least 90 days of treatment at the sober living facility. Based on this information, the undersigned found that Lathers had met his burden of establishing by clear and convincing evidence that he was not a risk of flight or danger to the community. Lathers was released directly to O'Brien House on April 5, 2021; to complete no less than 90 days treatment; and was not permitted to leave O'Brien House without prior permission of the USPO.[5]

A status conference was requested by the parties prior to Lathers' scheduled release from O'Brien House on July 5, 2021. In light of the parties' disagreement about whether Lathers still posed a danger to the community, the status conference was converted to a reopened detention hearing that was conducted on June 28, 2021.

Lathers has the burden of proving by clear and convincing evidence that he is not a risk of flight or danger to the community.[6] Deandria Gremillion, Lathers' counselor at O'Brien House, testified for the defense. According to Ms. Gremillion's testimony, Lathers has been compliant with treatment, but, because of the limitations placed on him by the Court's Order that he not be permitted to leave the facility without permission, the true test will come when and if he is released into the community.

---

[5] R. Doc. 86.
[6] Fed. R. Crim. Proc. 32.1((a)(6) provides that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

2

The supervised release violations for which Lathers has been charged are serious. The September 2018 arrest report indicates that Lathers failed multiple field sobriety tests and had a blood alcohol content of .173%. According to the report, there was a female victim from this incident, who was transported to the hospital and "unable to give a written statement due to injuries from the wreck."[7] The June 2020 arrest indicates that he provided a breath sample that was .249% blood alcohol content, more than three times the legal limit.[8] This was just over a year after he entered a plea of no contest to driving while intoxicated in April 2019. Perhaps as concerning is the fact that Lathers missed twenty-five treatment sessions over the course of five months. These treatment sessions were recommended after a substance abuse evaluation shortly after the June 2020 incident. Lathers missed these sessions notwithstanding the fact that he was given permission in December 2020 to participate in treatment via telephone. In fact, most of the sessions he missed were after he was given permission to participate by phone to overcome technology barriers.

Additionally, the probation officer testified regarding a pending domestic abuse charge, which is not part of the violations in the Petition, but regarding which evidence was submitted at the March 25, 2021 hearing.[9] According to the narrative of the arrest, the incident occurred on February 7, 2021 and involved Lathers pushing and choking the alleged victim.[10] The Report also indicates that the allegations against Lathers were corroborated by witnesses as the incident occurred in the driveway. The probation officer testified that charges are pending against Lathers in Livingston Parish related to this incident. While Lathers testified that he will not interact with

---

[7] U.S. Exh. 2, pp.3-5. The report also indicates that Lathers fled the scene to avoid law enforcement, including statements from witnesses, who followed Lathers from the scene after witnessing the wreck, who reported that Lathers hid in the bushes. The report indicates that Lathers was arrested at the Walmart in Denham Springs, while the wreck occurred on Highway 16.

[8] The arrest report indicates that Lathers was "highly intoxicated" and "falling over." U.S. Exhibit. 4, p. 4. The report also indicates that Lathers' driver's license was suspended at the time of the June 2020 incident. U.S. Exhibit 4, p. 5. No injuries were reported from this incident, although the report indicates that Lathers drove his car into a ditch.

[9] R. Doc. 84.

[10] U.S. Exhibit 5, p. 9.

the alleged victim if released, he also admitted he did go to her house after a restraining order was issued in state court that instructed him not to have contact with her.[11]  Under these circumstances, it is not clear that Lathers would abide by any no-contact order issued by this Court any more than he did the state court order.  Ms. Gremillion testified that O'Brien House could give a referral to Lathers for a domestic violence treatment program as their program is not specific to that issue but obviously any such program could not be completed prior to his scheduled release from O'Brien House next week.

The information favoring a finding that Lathers has met his burden is the fact that he has completed almost three months of in-patient substance abuse treatment since the dates of the violations set out in the Petition.  He also testified he has employment lined up if released and that he can reside with his mother.[12]  Weighing against Lathers are the seriousness of the allegations regarding his substance abuse; the fact that he drove while at three times the legal limit in June 2020 after he had entered a plea of no contest to similar charges in April 2019; the April 2019 DWI incident resulted in injuries to an individual; his previous failures to comply with non-residential treatment; his untruthfulness with the probation officer regarding the June 11, 2020 incident; the pending domestic abuse charge related to an incident earlier this year, which appears to be corroborated by witnesses other than the alleged victim; the fact that he admittedly did not abide by a state court order to avoid contact with the alleged victim; and the guidelines range of eight to fourteen months incarceration that Lathers is facing based on the alleged supervised release violations.

---

[11] The testimony of the probation officer was that Lathers was arrested outside the alleged victim's house and purportedly admitted he had been hiding there when the United States Marshals Service came to arrest him on the warrant connected to the revocation petition.

[12] There was testimony regarding the fact that Lathers' mother suffers from dementia and so would not be an appropriate person to assist him in complying with his release conditions.

As was explained to Lathers, the burden of clear and convincing evidence is a high one—significantly higher than the burden on the government to prove probable cause regarding the supervised released violations. While Lathers is to be commended for his efforts to finally participate in the necessary treatment to assist with his substance abuse problem, that is not enough of a change in circumstances to meet his burden and permit release pending his final revocation hearing. Therefore, Lathers will be detained. Although this decision unfortunately will not permit Lathers to immediately "test" his in-patient treatment under real world conditions, that is not the primary consideration before the Court. It is certainly the hope that Lathers will retain the coping skills he has learned and take them forward.

**IT IS ORDERED** that Albert Lathers, Jr. shall be **DETAINED** pending his final revocation hearing before Hon. John W. deGravelles.[13]

**IT IS FURTHER ORDERED** that this Ruling and Order is to be docketed **UNDER SEAL**, to be unsealed upon arrest.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall provide a copy of this Ruling and Order to Albert Lathers, Jr. upon arrest.

### DIRECTIONS REGARDING DETENTION

**Albert Lathers, Jr.** shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshals Service for the purpose of an appearance in connection with a Court proceeding.

Signed in Baton Rouge, Louisiana, on July 1, 2021.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] The final revocation hearing is currently scheduled for August 5, 2021 at 1:30 p.m. in Courtroom 1.